GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* MALGOR, LUIÑA & CO., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1.

No. 1971.—Decided May 19, 1919.

APPEAL—JUDGMENT.—While a ruling sustaining a demurrer to the complaint is not appealable, yet when as a result of such ruling judgment is rendered by the court *motu proprio* or on motion of a party, dismissing the complaint and adjudging as to the payment of costs, the matter is then concluded by a judgment which, as such, may be appealed from.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Charles Hartzell* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The complaint in this case was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and thereupon the municipal judge rendered the following—

"JUDGMENT.—The demurrer having been heard on the day set therefor, the court reserved its decision and now enters judgment sustaining the demurrer and dismissing the complaint without costs, for the reason that the defendants not being the owners or directors of an establishment or enterprise, they cannot be liable under subdivision 4 of section 1804 of the Civil Code for the damages caused by their employees."

The defendant appealed from that judgment to the district court, which dismissed the appeal on the ground that there was no appealable judgment in the case, because the fact that the municipal court may call a ruling on a demurrer a judgment is not to be taken in consideration, nor can the

character of a judgment be given to what is not such judgment.

From that decision the plaintiff took the present appeal.

While a ruling sustaining a demurrer to the complaint is not appealable, as we have repeatedly held, yet when as a result of such ruling judgment is rendered by the court *motu proprio* or at the instance of .a party, dismissing the complaint and adjudging as to the payment of costs, the matter is then concluded by a judgment which, as such, may be appealed from. In *Vega et al.* v. *Rodríguez et al.*, 17 P. R. R. 237, this court said:

"When a court sustains a demurrer the case is for the moment decided and the winning party is entitled to a judgment, unless the other party is given an opportunity to amend or take some other step. This opportunity may arise by the terms of the law, by the permission or concession of the court, given voluntarily or at the instance of the losing party, or such opportunity may perhaps arise from some agreement or stipulation of the parties. If none of these things happen the judgment .is a necessary consequence of the sustaining of the demurrer (as a similar judgment would be the necessary conclusion of trial on the facts)."

See also *Capó* v. *Capó*, 17 P. R. R. 241.

Given the terms of the judgment rendered by the municipal court and involved in this appeal, the trial court not only ruled on the demurrer to the complaint, but, based on that ruling and perhaps understanding that it should not grant permission to amend the complaint, entered judgment dismissing the complaint and adjudging as to the payment of costs. Such a decision, by its form and pronouncements, is a judgment.

The order appealed from must be reversed and the case should be proceeded with.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.